1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JUAN PABLO GARCIA,                    No. 1:26-cv-00968-DJC-EFB
12                 Petitioner,
13   v.                                    ORDER
14   CHRISTOPHER CHESTNUT, et al.,
15                 Respondents.
16

17        Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a
18   Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the
19   custody of Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that
20   are functionally identical to those this Court has already addressed in prior orders.
21   Petitioner entered the country in 2022, and he was detained after entry. (Pet. ¶¶ 46–
22   50.) He was released from custody on his own recognizance. (*Id.* ¶¶ 46, 56.)
23   Petitioner has now been re-detained when he was detained boarding a domestic
24   flight. (*Id.* ¶ 51.) Petitioner's present re-detention was enacted without notice or an
25   opportunity to be heard and was not predicated on any changed circumstances since
26   Petitioner's release.
27        The Court's prior orders are dispositive on the issues raised in the Petition and
28   Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D.

Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.  Respondents Opposition only raises arguments previously rejected by the Court.  (*See* ECF No. 11.)

      As Respondents have indicated that they do not intend to file additional briefing, the Court will grant the Petition than the limited Opposition they have already filed, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated above and in the Court's prior orders.[1]

      Respondents are ORDERED to immediately release Petitioner Juan Pablo Garcia from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 9, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE